## Asher, et al. v. Pioneer Coal Company.

## Nield v. Asher, et al.

(Decided May 14, 1926.)

## Appeals from Bell Circuit Court.

1. Appeal and Error—Opinion of Court of Appeals on Rehearing Overruling Motion to Correct Mandate Held Not to Entitle Litigant to Enter Motion for an Issue Out of Chancery to Determine Certain Questions of Fact.—Opinion of Court of Appeals on rehearing, overruling motion to correct mandate, held not to authorize litigant to enter motion for an issue out of chancery to determine certain questions of fact made for first time after return of case.

2. Creditors' Suit—Plaintiff, Seeking to Enforce Judgment Obtained Because of Breach of Warranty by Defendant's Grantee, Held Not Entitled to Recover of Defendant Attorneys' Fees and Expenses Recovered in Action Against Such Grantee.—Where plaintiff suing for breach of warranty, recovered attorneys' fees and expenses, but brought no suit against defendant's grantor to recover on his breach of warranty, held that plaintiff, in action against such grantor to enforce its judgment obtained in other suit, is not entitled to recover such attorneys' fees and expenses.

3. Judgment—In Equitable Action to Subject to Judgment Against Plaintiff's Grantor for Breach of Covenant of Warranty, Defendant's Liability to Judgment Debtor for Such Breach, Plaintiff Held Not Entitled to Recover for Acreage in Excess of that Lost by it; Defendant's Liability to Judgment Debtor for other Acreage Not Being Presented by Pleadings.—In equitable action to enforce against prior grantor its liability to plaintiff's grantor for breach

of covenant of warranty, and subject same to its judgment against latter, no recovery could be had in excess of acreage lost to plaintiff by breach, defendant's liability to his grantee for additional acreage for which he was paid not being presented by pleadings.

MARTIN T. KELLY and JOHN D. CARROLL for appellant Asher.

W. T. DAVIS and WALTER P. LINCOLN, for appellant Nield.

JAS. H. JEFFRIES, for appelee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming in part and reversing in part on the first appeal, and affirming on the second appeal.

In May, 1907, A. J. Asher conveyed with general warranty to the Edgemont Coal Company, at the price of $35.00 per acre, a number of tracts of land in Bell county, including the lands involved in this litigation. In August, 1911, the Edgemont Coal Company conveyed the same land to the Pioneer Coal Company by deed of warranty for $57.50 per acre. The sale by the Edgemont Company included all of its property, and all the stockholders of that company transferred their stock to appellant Nield in consideration of a written guaranty by him that he would perform the obligations of the Edgemont Company to the Pioneer Coal Company in the deed of August, 1911.

Some years after the Pioneer Coal Company became the owner of these tracts of land it instituted an action against Gordon, Logan, et al., to quiet its title, in which action the defendants counterclaimed and asserted title to all of three tracts so embraced in the deeds of 1907 and 1911, and to a part of the fourth tract. The defendants in that action recovered on their counterclaim approximately 250 acres of lands so conveyed to the Pioneer Coal Company by the Edgemont Company, and to the latter by Asher. Asher had notice of this action and testified as a witness in it.

Thereafter the Pioneer Company brought its action against the Edgemont Company on its covenant of warranty, and without defense it recovered a judgment for $18,785.00, upon which judgment execution was issued and returned "no property."

Thereafter this equitable action was brought by the Pioneer Coal Company under section 439 of the Civil Code against the Edgemont Company, Asher and Nield, the purpose of the action being to subject to the Pioneer

Company's debt the Edgemont Company's claim against Asher on his warranty, and enforce as against Nield his liability on his guaranty to the Edgemont Company.

The circuit court in that action dismissed the same as to Asher, but entered a judgment for the plaintiff as against Nield, whereupon the Pioneer Company appealed from the judgment dismissing the action as against Asher, and Nield appealed from the judgment of the Pioneer Company against him.

Those two appeals were heard together in this court, and on the 21st of April, 1925, the judgment was reversed in so far as is dismissed the action against Asher, and affirmed upon the appeal of Nield. Vigorous petitions for rehearing were filed by both Asher and Nield, but they were each overruled, and in November, 1925, the mandate of this court was issued, and thereafter filed in the Bell circuit court on November 18, 1925. Then after the filing of the mandate in the circuit court Nield entered in this court his motion to correct the same, and this court on January 15, 1926, overruled that motion in a short opinion. The two opinions will be found in 210 Ky. 498 and 212 Ky. 286.

On the first of January, 1926, A. J. Asher entered his motion for an issue out of chancery to determine certain questions of fact, which motion was overruled by the Bell circuit court on the 6th of January, 1926. Then on that same day the court entered a final judgment according to what it believed the mandate of this court to direct, and from that judgment Asher and Nield are each appealing. The judgment against Asher is for the sum of $35.00 per acre for 216.49 acres of land lost by the Pioneer Company in its action with Gordon, et al., together with interest thereon from the date of Asher's deed to the Edgemont Company; and the further sum of $600.00, costs and attorneys' fees, with interest thereon, the total amount of such judgment being, with interest to its date, $16,913, 98.

Most of the voluminous briefs filed for Asher deal with questions which are obviously precluded by the former opinion, and such questions it is now wholly unnecessary to discuss since clearly they are embraced within the well known "law of the case" rule.

On this appeal, therefore, it will be necessary to consider only three questions, to-wit, (1) does the judgment against him conform to the opinion and mandate of this

court on the former appeal? (2) was he entitled to an issue out of chancery after the return of the case? and (3) was the judgment against him for $600.00 attorneys' fees and costs authorized by the former opinion and mandate, or at all?

(1)    The court (page 507) specifically held that 249.49 acres embraced within the warranty of Asher had been lost in the suit between the Pioneer Company and Gordon, etc., and that of this acreage 33 acres at different points within the four tracts involved was at the date of Asher's deed in such actual adverse possession of others as that the covenant of warranty as to such acreage was void, and that

> "the court under the proof should have entered judgment against Asher on his warranty for the land lost outside of that held in adverse possession, as above indicated,"

and the mandate remands the case to the circuit court

> "to enter a judgment as above indicated."

It is obvious, therefore, that up to that point the judgment of the court conformed strictly to the former opinion and its mandate.

(2)    But it is strenuously insisted for Asher that the opinion of this court overruling Nield's motion to correct the mandate was in effect a modification of the previous opinion and intended to remand the case for the taking of additional evidence and further hearing on the question of the quantity of land actually lost.

From a careful study of that so-called "modified opinion" we can discern no such purpose.

That opinion, after reciting that a difference of opinion had developed between counsel for Nield and counsel for Asher as to the amount of the judgment to be entered against Asher, and that the purpose of the motion was to correct the mandate so as to fix the precise amount to be adjudged against Asher, said:

> "The jurisdiction of this court is only appellate, the circuit court has not passed on the question of the amount. The question may be more intelligently passed on by this court after it is passed on in the circuit court, and is argued here by counsel in the light of the judgment of the circuit court. If either party feels that injustice is done by the circuit court

in fixing the amount to be paid by Asher, the question may be presented here by appeal from the judgment, and as this turns on considerable figuring, the court deems it best that the question should be presented here in this way.

"The motion to correct the mandate is, therefore, overruled."

Not only was there no modification of the former opinion, but the court expressly overruled the motion to correct the mandate and left it just as it was in the original opinion. It meant and can mean nothing more than that this court being one of appellate jurisdiction only, declined to make the calculations upon the basis fixed in the former opinion, but did not disturb or undertake to disturb the basis there fixed, with the further suggestion that it could more intelligently hereafter pass upon the questions attempted to be raised by the motion if presented on appeal in the regular way.

It is clear, therefore, that Asher's motion for an issue out of chancery made for the first time after the return of the case, came too late, and that the so-called modified opinion did not bestow upon him any such right.

(3) It is equally clear, however, that the trial court in entering the judgment for the Pioneer Company against Asher for $600.00 attorneys' fees and costs was in error. The former opinion makes no reference whatsoever to this item, either in the body of the opinion or in the mandate, and therefore decided this claim against the Pioneer Company, but if it had considered this item its direction necessarily would have been to disallow it.

The facts about this item are that the Pioneer Company in its action against the Edgemont Company on its breach of the warranty did recover against the Edgemont Company $600.00 for attorneys' fees and expenses; but as the Pioneer Company never brought any suit against Asher to recover from him on the breach of his warranty, clearly the Pioneer Company had no right to directly recover same from him in this action to enforce its judgment against the Edgemont Company. The Pioneer Company's judgment against the Edgemont Company is some two or three thousand dollars more than the liability of Asher to the Edgemont Company, which the Pioneer Company in this action is seeking to subject to the payment of its debt; therefore, to allow the Pioneer Com-

pany in this action to recover such attorneys' fees and expenses against Asher in addition to the liability on his warranty when the Edgemont Company had never recovered any such judgment against Asher, would be to make the latter pay attorneys' fees and costs which had never been actually incurred.

Obviously, therefore, the court not only exceeded its authority under the former opinion in entering this $600.00 judgment against Asher, but the same would have been authorized in no event.

As to the Nield appeal, little need be said. What we have said on the Asher appeal disposes of all questions raised on the Nield appeal, except one.

In the former opinion, and according to the judgment of the circuit court, the Pioneer Company's judgment against Asher is to be first enforced, and then such sum as may be collected from Asher is to be credited on the judgment against Nield. Under these circumstances Nield, of course, is vitally interested in making the amount of the judgment of the Pioneer Company against Asher as large as it should be, and he is earnestly contending on his appeal that the quantity of land actually lost by the Pioneer Company in the suit with Gordon, et al., was about 289 acres, and that deducting the 33 acres then in the adverse possession of others, as held by the former opinion, the Pioneer Company's judgment against Asher should have been for about 250 or more acres at $35.00 per acre.

While the record tends to show that approximately the number of acres claimed by Nield's counsel was lost to the Pioneer Company if the estimate of the acreage in the four tracts involved contained in Asher's deed had been correct; a subsequent survey disclosed that these estimates were 30 or more acres too high, and that the actual land lost by the Pioneer Company in the suit with Gordon, et al., was just about 249.49 acres as disclosed by the former opinion.

It is true that Asher was paid $35.00 per acre by the Edgemont people for this shortage in acreage, but whether he is liable to the Edgemont Company for such deficiency in acreage is a question not presented in this case by the pleadings. Therefore, there could be in this action no judgment against Asher because of such deficiency.

The judgment against Asher is affirmed in all respects, except as to the $600.00 item, and as to that item it is reversed; and the judgment against Nield is affirmed.